EXCHANGE SCRIP BOOK CO. v. RAND, McNALLY & CO.

(District Court, N. D. Illinois, E. D. March 12, 1912.)

No. 29,270.

PATENTS (§ 328*)—INFRINGEMENT.

The Richardson and Langston patent, No. 669,489, for an improvement in railroad tickets, held not infringed, in view of the limitations imposed upon its scope by the prior art.

In Equity. Suit by the Exchange Scrip Book Company against Rand, McNally & Co. On final hearing. Decree for defendant.

Banning & Banning, for complainant.
L. M. Hopkins and J. H. Peirce, for defendant.

KOHLSAAT, Circuit Judge. This cause is before the court on final hearing for the second time. On appeal from the former order of the court on final hearing decreeing validity and infringement of the patent in suit, the decree was affirmed. 187 Fed. 984, 110 C. C. A. 322. Thereafter, in pursuance of the terms of the remanding order, this court directed that the writ of injunction and the accounting remain in abeyance until the further order of the court, and that—

"defendant be allowed to reopen said cause as it may be advised for the purpose of taking additional testimony therein, directed to a certain excess baggage ticket bearing a money strip or scrip piece alleged to have been made and supplied by defendant for the Burlington & Missouri River Railroad in Nebraska, about March, 1895, such testimony to be closed not later than May 1, 1911, with leave for complainant to take reply testimony thereafter by June 30, 1911, and for defendant to proceed next in rebuttal by July 15, 1911, with final hearing later on full printed record at such date as the court may assign."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In pursuance of that order, defendant proceeded to and did take evidence upon the said money scrip, from which it appears that, prior to the date of the invention of the scrip herein, formerly and now in suit, there was in public use by the said railroad an excess baggage money slip or scrip of the kind described in the patent in suit, save that it pertained to excess baggage rather than to passenger rates.

In its entirety, this baggage scrip book differs from that of the patent in suit, in that it does not contain anything corresponding to "certificates or stubs having appropriately-designated spaces to receive descriptions of such tickets respectively and the signatures of successive conductors honoring each ticket and ownership certificates having appropriately-designated spaces for successive signatures of the passenger, * * *" as called for in the claim. In other words, it provides for no means to check up by the railroad to prevent use by some one other than its original purchaser.

The problem of preventing assignment of the ticket by the original purchaser was an old one. There is no doubt that the Thrall patent contained a practicable solution. It seems very clear that the use of identification slips similar to those of the Thrall patent with the excess baggage ticket would require no more than the ordinary ingenuity and skill in the selection and adaptation of old devices, to be commonly expected of those devoted to the practice of the art.

Any argument that the use of the scrip strip of this excess baggage ticket to pay fare is not an analogous use seems untenable. There is little difference between paying excess baggage charges and paying railroad fare. Both tickets are bought and sold by the same persons that deal in and use railway tickets. The advantages attending the use of the money coupon strip to pay carriage of baggage are exactly the same as those secured by its use to pay for carriage of the passenger. The problems attending the successful use of the strip for either purpose are not materially different.

In its opinion upon affirmance, the Court of Appeals lays great stress upon the novelty and utility of the adaptation of the scrip strip of the patent in suit for use as money (as did this court on the former hearing), and seems to base its decision as to validity principally upon this dissimilarity of the book of the patent in suit to prior art structures, refraining from expressing an opinion upon the question of whether other physical differences between the ticket of the patent in suit and those of the prior art were sufficient to confer patentability. Thus the court says:

"Apart from the main idea of the patentees, that the unit in their patented ticket should be expressed in money instead of miles, we do not see anything in the patent that the defendants have infringed; for whether the physical differences introduced by the patentees are patentable invention, or not, they are so narrow, and make the patent so limited, that the alleged infringing device (differing also in form) does not seem to us to be included."

This excess baggage ticket very clearly contains what is termed by the Court of Appeals as "the main idea of patentees." Substitute the money strip of this baggage ticket for the mileage strip of the Thrall patent. and we have everything in the patent in suit, except those physical differences which (if patentable) the Court of Appeals say are "so narrow." and "make the patent so limited, that the alleged in-

fringing device (differing also in form) does not seem  *  *  *  to be included."

Even, therefore, if we assume that the substitution of the money strip of the excess baggage ticket in evidence for the mileage strip of the Thrall patent, and its integrality with the certificates or stubs and ownership certificates, amounts to invention, and presents a patentable combination, we are met with the clearly expressed opinion of the Court of Appeals that defendant does not infringe.

It is therefore ordered that the decree entered herein be vacated and held for naught, and that the bill be dismissed for want of equity.