EXCHANGE SCRIP BOOK CO. v. RAND, McNALLY & CO.

(Circuit Court of Appeals, Seventh Circuit. January 8, 1913.)

No. 1,910.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—SCRIP BOOK OF RAILROAD
MILEAGE TICKETS.

The Richardson & Langston patent, No. 669,489, for a scrip book containing an improved form of interchangeable railroad mileage tickets, as to its main idea of expressing the units in money, instead of miles, was anticipated. Its other features, if patentable, *held* not infringed.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois; Christian C. Kohlsaat, Judge.

Suit in equity by the Exchange Scrip Book Company against Rand, McNally & Co. Decree for defendant, and complainant appeals. Affirmed.

For opinion below, see 194 Fed. 444.

This appeal is from a decree dismissing for want of equity the appellant's bill filed against the appellees, averring infringement of letters patent No. 669,489. It arises under the same bill and charge of infringement which was upheld by decree of the trial court on a previous hearing, affirmed by this court on appeal therefrom. Rand, McNally & Co. v. Exchange Scrip Book Co., 187 Fed. 984, 110 C. C. A. 322. On leave of this court, however, the cause was reopened for introduction of new evidence of an "alleged ticket as an anticipation of the patent in suit," and the hearing thereupon resulted in the present decree, pursuant to an opinion filed below. See 194 Fed. 444.

Samuel W. Banning, of Chicago, Ill. (Thomas A. Banning and Walker Banning, both of Chicago, Ill., of counsel), for appellant.

James H. Peirce, of Chicago, Ill. (George P. Fisher, of Chicago, Ill., of counsel), for appellee.

Before BAKER and SEAMAN, Circuit Judges, and HUMPHREY, District Judge.

SEAMAN, Circuit Judge. The decision of this court, on appeal from the prior adjudication of infringement of the patent, rested affirmance of that decree, as stated at the outset of the opinion, upon this proposition:

"Apart from the main idea of the patentees, that the unit in their patented ticket should be expressed in money, instead of miles, we do not see anything in the patent that the defendants have infringed; for whether the physical differences, introduced by the patentees, are patentable invention or not, they are so narrow, and make the patent so limited, that the alleged infringing device (differing also in form) does not seem to us to be included."

Finding utility therein for interchangeable mileage tickets, and no evidence in the record of prior use of the patentees' conception thus stated, the opinion proceeds to the deductions that the claim involves patentable novelty and supports the charge of infringement.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The defendant (appellee here) thereupon petitioned this court for leave to reopen the cause in the trial court for introduction of proof of prior public use of this assumed conception, in a so-called "Burlington excess baggage ticket," exhibited with the petition and supported by affidavits tending to show prior use. Such petition was granted (on terms as to costs), with leave "to introduce as a defense the alleged ticket as an anticipation of the patent in suit," together with an order staying, meanwhile, "the injunction and accounting heretofore awarded." Pursuant to these rulings, the trial court reopened the cause for reception of the proposed evidence, and upon hearing thereof entered the decree from which the present appeal is brought, whereby the appellant's bill is dismissed for want of equity.

We believe, therefore, that this appeal raises a single question for review, namely: Whether the evidence so admitted proves anticipation, in the sense of the patent law, of the assumed conception of the patentees above defined. The mandate on the former appeal is conclusive upon all other issues raised by the record therein, and the case was opened up for the purpose alone of ascertaining the force of the additional evidence. This view was rightly recognized by Judge Kohlsaat at the hearing below, and his opinion (194 Fed. 444) sufficiently describes the "excess baggage ticket" and its prior public use, as established by the evidence, and we are satisfied with his definition thereof as proof of anticipation within the above inquiry.

The decree accordingly is affirmed.